**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MARGARITO CORONA, | No.  20-72585 |
| Petitioner, | Agency No. A095-010-613 |
| v. | |
| TODD BLANCHE, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 30, 2026**

Before:  GOULD, MENDOZA, and DESAI, Circuit Judges.

Petitioner Margarito Corona ("Corona"), a native and citizen of El Salvador, petitions for review of the Board of Immigration Appeals' ("BIA") order denying his applications for asylum, withholding of removal and protection under the Convention Against Torture ("CAT").  The BIA also affirmed the Immigration

---

\*        This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*        The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Judge's ("IJ") denials of cancellation of removal and voluntary departure. The parties are familiar with the facts, and we do not recount them here. We have jurisdiction pursuant to 8 U.S.C. § 1252, and we deny the petition.

Corona did not challenge the agency's denial of cancellation of removal in his Opening Brief and therefore waived any challenge to that denial. *See Smith v. Marsh*, 194 F.3d 1045, 1052 (9th Cir. 1999) ("[O]n appeal, arguments not raised by a party in its opening brief are deemed waived.").[1]

Corona did not exhaust his challenge to the IJ's denial of his asylum claim as untimely. *See Umana-Escobar v. Garland*, 69 F.4th 544, 550 (9th Cir. 2023) (holding that courts must enforce 8 U.S.C. § 1252(d)(1)'s exhaustion requirement if the government raises it). Even if such a challenge had been exhausted, Corona makes no argument to us that changed circumstances excuse his late-filed asylum application. *See* 8 U.S.C. § 1158(a)(2)(D).

The agency's denial of Corona's application for withholding of removal is supported by substantial evidence. The agency denied Corona's application for withholding of removal on the grounds that his proposed particular social group ("PSG") of "Salvadoran men refusing to join local gangs and fleeing gang violence and extortion for refusing to pay rent money, which the government of El Salvador

---

[1] Corona also did not challenge the agency's voluntary departure denial, so we will not disturb that decision on appeal.

2

cannot, or is not, willing to control" is (1) not particular, (2) not socially distinct, and (3) there is no nexus between the asserted PSG and the harm Corona suffered.

We deny the petition because substantial evidence supports the agency's conclusion that Corona did not establish a nexus to a protected ground. Corona had to show that his proposed PSG was "a reason" for his past persecution or would be a reason for his future persecution. *Barajas-Romero v. Lynch*, 846 F.3d 351, 358–60 (9th Cir. 2017). Corona did not do so. The agency's determination that Corona was targeted for financial gain, not for his refusal to join a gang, and would not be targeted in the future for such a refusal but rather for his money were reasonable based on the record evidence.[2] *See, e.g.*, *Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) ("[D]esire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground.").

The agency's denial of Corona's application for protection under the CAT is supported by substantial evidence. Corona had to show that if returned to El Salvador, he would "more likely than not" be tortured by a government official or

---

[2]     The agency's lack of nexus finding is dispositive of Corona's withholding of removal claim. We decline to reach whether Corona's proposed PSG is cognizable because counsel repeatedly and incorrectly describes Corona's PSG as "Salvadorian female who was targeted for extortion by gang members who mistakenly believed she belonged to a wealthy farm owner family." Indeed, this is not the PSG that petitioner—a male—asserts and thus counsel's arguments are not tailored to petitioner's alleged PSG.

that the government would acquiesce in his torture at the hands of someone else. 8 C.F.R. §§ 1208.16(c)(2), 1208.18(a). The agency concluded that the government had not acquiesced and would not acquiesce in any torture of Corona because he showed only "a general ineffectiveness on the government's part to investigate and prevent crime." *Andrade-Garcia v. Lynch*, 828 F.3d 829, 836 (9th Cir. 2016). Corona does not meaningfully challenge this conclusion, and the agency's finding that the government had not acquiesced and would not acquiesce in any torture of Corona is supported by substantial evidence.[3]

**DENIED.**

---

[3] Corona's counsel incorrectly argues that the agency denied his CAT claim based on a lack of credible testimony. But the agency found Corona credible and instead denied his CAT claim because he did not show government acquiescence.